UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA EVERROAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. _____ |
| ) | |
| SCOTT TRUCK SYSTEMS, INC., and ) | |
| SHERRY (SCOTT) HANTZIS, in her ) | 1:06-cv-0770-RLY-WTL |
| individual capacity, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DAMAGES**
**and DEMAND FOR TRIAL BY JURY**

Plaintiff Diana Everroad, by counsel, for her Complaint for Damages and Demand for Trial by Jury, states as follows:

## I. INTRODUCTION

This is an action brought by Diana Everroad (hereinafter "Plaintiff" or "Everroad") against Scott Truck Systems, Inc. ("Defendant" or "Scott Truck"), between which parties there was an employment relationship. Scott Truck violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. § 621 *et. seq.*, when it terminated Everroad's employment. Scott Truck further violated Tile VII and the ADEA when it took retaliatory measures against Everroad for complaining about the more favorable treatment given to male and/or younger employees. In addition, Plaintiff brings this action against Scott Truck under Indiana common law for wrongful termination and for negligent retention. Last, Plaintiff brings this action against Sherry (Scott) Hantzis ("Hantzis"), in her individual capacity, under Indiana common law for assault and for intentional infliction of emotional distress.

## II. PARTIES

1. Everroad, a citizen of the United States, at all times relevant to this litigation resided within the geographical boundaries of the Southern District of Indiana.

2. Scott Truck is a for-profit Indiana corporation doing business in Whiteland, Johnson County, Indiana, a location within the geographical boundaries of the Southern District of Indiana.

3. Hantzis, at all relevant times, was the General Manager of Scott Truck and resided within the geographical boundaries of the Southern District of Indiana.

## III. JURISDICTION and VENUE

4. Everroad was an "employee" as that term is defined in Title VII, 42 U.S.C. §2000e(f), and in the ADEA, 29 U.S.C. § 630(f).

5. Scott Truck is an "employer" as that term is defined in Title VII, 42 U.S.C. §2000e(b), and in the ADEA, 29 U.S.C. § 630(b).

6. This Court has original jurisdiction over Plaintiff's claims under Title VII and the ADEA pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 29 U.S.C. § 626(c); and 42 U.S.C. § 2000e-5(f)(3). Moreover, this Court has supplemental jurisdiction over Plaintiff's Indiana common law claims pursuant to 28 U.S.C. § 1367.

7. Because all of the events, transactions, and occurrences pertinent to this action occurred within the geographical environs of the Southern District of Indiana, Indianapolis Division, and all parties are located therein, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. ADMINISTRATIVE COMPLIANCE

8. Everroad satisfied her statutory obligation to exhaust administrative remedies by timely filing a charge of age discrimination against the Defendant with the Equal Employment

Opportunity Commission ("EEOC") on November 23, 2005. On February 17, 2006, the EEOC issued its "Notice of Right to Sue" on Everroad's charge, and this cause of action is being initiated within ninety (90) days of the Plaintiff's receipt of that Notice.

## V. FACTUAL ALLEGATIONS

9. Everroad was hired by Scott Truck on or about May 17, 2004, to work as one of Defendant's Dispatchers at its facility in Whiteland, Indiana. After about a two month period of time, Plaintiff was moved to the position of Data Base Administrator. Plaintiff was not replaced as a Dispatcher; rather, her duties were absorbed by Defendant's other Dispatcher.

10. Everroad is a female who was born in 1953. Therefore, she was over the age of forty (40) at the time of her termination.

11. At all relevant times, Everroad met or exceeded Scott Truck's legitimate performance expectations.

12. Scott Truck is in the business of transporting freight for its customers.

13. At all times relevant, Scott Truck maintained a contractual relationship with the United States Postal Service ("Postal Service").

14. Pursuant to its contract with the Postal Service, Scott Truck had dedicated runs to transport mail to bulk mail centers for the Postal Service.

15. Also pursuant to its contract with the Postal Service, Scott Truck was issued fuel cards by the Postal Service that Scott Truck, in turn, provided to its drivers.

16. Under the fuel card arrangement, every time a driver fueled his truck while on a run dedicated for the Postal Service, the Postal Service paid $2.00 per gallon of fuel. Scott Truck was responsible to pay for the remaining fuel costs.

17. Scott Truck also maintains a contractual relationship with Mitsubishi Motors ("Mitsubishi"), pursuant to which Scott Truck provided dedicated runs to deliver auto parts.

18. Unlike the arrangement with the Postal Service, Mitsubishi did not have a fuel card system in place and, therefore, paid nothing toward fuel costs.

19. Among Plaintiff's responsibilities for Scott Truck was the entering of all fuel related costs into Defendant's computer system.

20. Approximately 4 weeks prior to her termination, Plaintiff was instructed by Hantzis to enter into the computer system some of the fuel receipts related to Mitsubishi runs as Postal Service runs. This would result in the Postal Service paying for fuel that was used for Mitsubishi runs.

21. Everroad refused to comply with Hantzis' instruction because she believed that she was being told to do something illegal.

22. During Everroad's term of employment, similarly situated younger individuals were treated more favorably by Scott Truck in that they were allowed to conduct personal business at their work stations, were paid for time not worked, were given all the proper office equipment to perform their jobs, and were paid more than Everroad.

23. During Everroad's term of employment, similarly situated male employees were treated more favorably by Scott Truck in that they were allowed to take time off to pursue personal matters, such as to play golf, while Everroad was not allowed to take time off for similar activities.

24. Plaintiff complained about the more favorable treatment given to younger individuals and to male employees.

25. On August 29, 2005, Everroad met with Scott Truck President David Scott and Hantzis in their shared office. The purported reason for the meeting was to discuss Plaintiff's relationship with a younger co-worker who was receiving more favorable treatment.

26. During the August 29, 2005 meeting, Plaintiff was seated beside the door to the

shared office.

27. Hantzis took charge of the August 29, 2005 meeting and was openly hostile toward the Plaintiff.

28. At a point in time about an hour into the meeting, Hantzis jumped out of her chair and approached the Plaintiff in anger.

29. As Hantzis approached her, Everroad recoiled and braced herself out of fear that Hantzis was intending to physically attack her.

30. Instead, Hantzis walked very closely by the Plaintiff, reached for the door, opened it, and then slammed it shut.

31. Hantzis then pulled a chair up to the Plaintiff and, with her face about two feet away from and directly in front of Everroad's face, spewed further verbal abuse and screamed that the Plaintiff was fired.

32. Everroad asked David Scott if, indeed, her employment was being terminated. In response, Scott stated that everyone should calm down.

33. Thereafter, Everroad remained in the shared office for about another 5½ hours and was subjected to an unrelenting verbal assault by Hantzis.

34. On or about August 31, 2005, Scott approached Everroad at her work station and presented her with a letter informing her that her employment with Scott Truck was being terminated. Everroad's employment was terminated for her alleged insubordination during the meeting of August 29, 2005.

35. At no time during the meeting of August 29, 2005, did Everroad act in any way that could be construed as insubordinate toward Scott or Hantzis. Rather, Everroad was subjected to a 6½-hour verbal assault by Hantzis for, among other things, raising issues about the more favorable treatment younger employees were receiving.

36. On August 31, 2005, after Everroad had been informed of her termination, Scott remained in the work area while Everroad gathered her personal belongings.

37. Suddenly, Hantzis burst into the room in anger and had to be restrained by Scott. Hantzis struggled with Scott so that she could free herself to get at to the Plaintiff. Again, Plaintiff felt in danger of physical harm.

38. Hantzis has a history of verbally abusing Scott Truck employees.

39. During her term of employment, Everroad was harassed and demeaned by Hantzis. On more than one occasion, Hantzis, while sitting alone in her office, would suddenly scream out, "I am the bitch and Diane is the mouse."

40. During her term of employment, Plaintiff was subjected to harassing and threatening behavior by one of Scott Truck's truck drivers. On one occasion, the driver made disparaging comments about Everroad and her gender. Despite Plaintiff's complaints to Defendant, nothing was done to address the driver's conduct.

41. Plaintiff has been damaged financially and emotionally by the Defendants' unlawful acts.

## VI. LEGAL CLAIMS

### COUNT I: *Disparate Treatment under Title VII*

42. Everroad hereby incorporates the foregoing paragraphs one (1) through forty-one (41) of her Complaint and, in addition, alleges and states that Scott Truck's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended.

43. Scott Truck intentionally discriminated against Everroad by treating similarly situated male employees more favorably.

44. Defendant's actions were intentional, malicious, and done with reckless disregard to Plaintiff's federally protected rights to be free from discrimination on the basis of sex.

45. Everroad has suffered, and will continue to suffer, harm as a result of Defendant's unlawful actions.

## COUNT II: *Unlawful Retaliation under Title VII*

46. Everroad hereby incorporates the foregoing paragraphs one (1) through forty-five (45) of her Complaint and, in addition, alleges and states that Scott Truck retaliated against her for complaining about discriminatory treatment, which is also a violation of Title VII.

47. Everroad voiced opposition to Defendant's practices and conduct which she reasonably believed to be discriminatory on the basis of sex. Plaintiff's complaints of discrimination concerned not only herself but her fellow co-workers. Everroad engaged in conduct protected under Title VII.

48. As a result of voicing such opposition, Defendant willfully and intentionally, with malice and/or reckless disregard of Everroad's rights, retaliated against Everroad.

49. As a result of the Defendant's actions, Everroad has suffered injury.

## COUNT III: *Discrimination Under the ADEA*

50. Plaintiff hereby incorporates paragraphs one (1) through forty-nine (49) of her Complaint and, in addition, claims that Scott Truck discriminated against her on the basis of her age in violation of the ADEA.

51. Scott Truck intentionally discriminated against Everroad by treating similarly situated younger employees more favorably.

52. Defendant's actions were intentional, malicious, and done with reckless disregard to Plaintiff's federally protected rights to be free from discrimination on the basis of age.

53. Everroad has suffered, and will continue to suffer, harm as a result of Defendant's unlawful actions.

## COUNT IV: *Unlawful Retaliation under the ADEA*

54. Everroad hereby incorporates the foregoing paragraphs one (1) through fifty-three (53) of her Complaint and, in addition, alleges and states that Scott Truck retaliated against her for complaining about discriminatory treatment on the basis of age which is also a violation of ADEA.

55. Everroad voiced opposition to Defendant's practices and conduct which she reasonably believed to be discrimination on the basis of age. Plaintiff's complaints of discrimination concerned not only herself but her fellow co-workers. Everroad engaged in conduct protected under the ADEA.

56. As a result of voicing such opposition, Defendant willfully and intentionally, with malice and/or reckless disregard of Everroad's rights, retaliated against Everroad.

57. As a result of the Defendant's actions, Everroad has suffered injury.

## COUNT V: *Wrongful Termination*

58. Everroad hereby incorporates the foregoing paragraphs one (1) through fifty-seven (57) of her Complaint and, in addition, alleges and states that Scott Truck wrongfully terminated her in violation of Indiana common law.

59. Approximately 4 weeks prior to her termination, Plaintiff was instructed to commit an act to defraud the Postal Service, which she refused to do.

60. Had she complied with Scott Truck's instruction, Everroad could have been held personally liable.

61. Plaintiff's employment was terminated because she refused to engage in actions that would have been in violation of federal law.

62. As a result of the Defendant's actions, Everroad has suffered, and will continue to suffer, injury.

## COUNT VI: *Negligent Retention*

63. Everroad hereby incorporates the foregoing paragraphs one (1) through sixty-two (62) of her Complaint and, in addition, alleges and states that Scott Truck negligently retained Hantzis in violation of Indiana common law.

64. Scott Truck was aware of Hantzis' tendency to engage in abusive behavior toward its employees.

65. Moreover, David Scott had personal knowledge of Hantzis' abusive treatment of the Plaintiff.

66. Despite knowledge of her abusive behavior, Scott Truck continued to retain Hantzis as an employee.

67. In retaining Hantzis, and in allowing her to maintain a position of authority, Scott Truck could have reasonably foreseen that Hantzis would continue to abuse employees and, in particular, would harm the Plaintiff.

68. Everroad suffered damages as a proximate result of Scott Truck's negligence in retaining Hartzis.

## COUNT VII: *Assault*

69. Everroad hereby incorporates the foregoing paragraphs one (1) through sixty-eight (68) of her Complaint and, in addition, alleges and states that Hantzis assaulted her in violation of Indiana common law.

70. On August 29, 2005, and then again on August 31, 2005, Hantzis approached the Plaintiff in anger.

71. In both instances, Hantzis acted in a threatening way that caused Everroad to reasonably believe that Hantzis had not only the intent but the ability to physically harm her.

72. Indeed, in the latter instance, Hantzis had to be restrained. Everroad had a

reasonable basis to believe that, but for the restraint, Hantzis would have carried out her purpose to physically attack the Plaintiff.

73. Hantzis acted willfully and intentionally, with malice and/or reckless disregard of Everroad right to be free from unwanted bodily contact and/or the apprehension of such contact.

74. Everroad suffered damages as a direct result of Hantzis' intentional, tortious conduct.

## COUNT VIII:  *Intentional Infliction of Emotional Distress*

75. Everroad hereby incorporates the foregoing paragraphs one (1) through seventy-four (74) of her Complaint and, in addition, alleges and states that Hantzis intentionally inflicted emotional distress upon her.

76. On August 29, 2005, and then again on August 31, 2005, Hantzis conducted herself in an extreme and outrageous manner toward the Plaintiff.

77. Hantzis' conduct intentionally caused Everroad to suffer severe emotional distress.

78. Hartzis acted willfully and intentionally, with malice and/or reckless disregard of Everroad right to be free from emotional harm.

79. Everroad suffered damages as a direct result of Hantzis' intentional, tortious conduct.

## REQUESTED RELIEF

**WHEREFORE**, the Plaintiff prays that the Court find in her favor and order the following relief:

1. Order that Plaintiff be reinstated to her former position with Scott Truck with full restoration of all seniority, benefits and pay attendant thereto, or front pay in lieu thereof;

2. Order that Plaintiff be awarded damages sufficient to compensate her for all lost

wages and benefits;

3. Order compensatory damages at the statutory maximum for both substantive claims under Title VII and the ADEA as well as both retaliation claims under Title VII and the ADEA be awarded to Plaintiff;

4. Because Scott Truck's actions were intentional and willful, order the Defendant to pay liquidated damages to Everroad as provided by the ADEA;

5. Order Hartzis to pay damages to Plaintiff to compensate her for pain and suffering caused by Hantzis' extreme and outrageous behavior;

6. Because of her intentional, extreme and outrageous conduct toward the Plaintiff, order Hantzis to pay punitive damages;

7. Order that Plaintiff be awarded her attorney fees and costs;

8. Order that Plaintiff be awarded pre- and post-judgment interest; and,

9. Order all other monetary and/or equitable relief that the Court deems just and proper in these premises.

Respectfully submitted,

John H. Haskin (7576-49)

Mark T. Robbins (11307-49)
HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
(317) 955-9500
(317) 955-2570 [fax]
mrobbins@hllglaw.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, Diana Everroad, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted,

Mark T. Robbins (11307-49)
HASKIN LAUTER LaRUE & GIBBONS
255 North Alabama Street
Indianapolis, IN 46204
(317) 955-9500
(317) 955-2570 [fax]
mrobbins@hllglaw.com