UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DIANA EVERROAD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-770-RLY-WTL |
| | ) | |
| SCOTT TRUCK SYSTEMS, INC. and | ) | |
| SHERRY (SCOTT) HANTZIS in her | ) | |
| individual capacity, | ) | |
|     Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO TRANSFER**

Pursuant to 28 U.S.C. § 1404(a), Plaintiff moves the court to transfer the present case to another division in the Southern District of Indiana or to another judge within this district. The court extended the deadlines for liability discovery and summary judgment in this case, which required vacating the original trial date of November 13, 2007, and rescheduled the trial for October 27, 2008. Plaintiff argues that the nearly one-year time lapse between trial dates is because the court's current docket does not allow for an earlier trial date; transferring the case to a different judge or division will likely result in an earlier trial date and, thus, serve the interest of justice.

Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking to transfer the action bears the burden of demonstrating that the transferee forum is clearly

1

more convenient. *State Farm Mut. Auto. Ins. Co. v. Estate of Bussell*, 939 F. Supp. 646, 651 (S.D. Ind. 1996).

Plaintiff alleges in her complaint that "all of the events, transactions, and occurrences pertinent to this action occurred within the geographical environs of the Southern District of Indiana, Indianapolis Division." (Plaintiff's Complaint at ¶ 7). Thus, it would be more *in*convenient for the parties and witnesses to transfer this case to a different division of this court. Further, while Plaintiff asserts that transferring this case to a different division or a different judge of this court will result in her obtaining an earlier trial date, such an assertion is mere speculation without supporting evidence. Plaintiff does not meet her burden under 28 U.S.C. § 1404(a), and her motion to transfer is therefore **DENIED**.

**SO ORDERED** this 6th day of November 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Stephanie A.H. Blackman
BARNES & THORNBURG
stephanie.blackman@btlaw.com

Joel Samuel Paul
COLEMAN GRAHAM & STEVENSON
jpaul@cgslegal.com